# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JP PARK,** *Plaintiff* | § § § |
| v. | § § No. 1:25-CV-01785-ADA-DH |
| **TCH SOCIAL – AUSTIN,** *Defendant* | § § § § |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff JP Park's application to proceed *in forma pauperis*. Dkt. 5. Because Park is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Park's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Park's request for *in forma pauperis* status, Dkt. 5. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security

1

therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Park is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Park's discrimination claims brought under the Americans with Disabilities Act ("ADA") and Title VII be dismissed but finds that his Title VII retaliation claim should be allowed to proceed.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Park has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Park alleges that he was terminated from his employment at Defendant TCH Social – Austin ("TCH") shortly after reporting to management that "supervisors mistreated and harassed female employees." Dkt. 1, at 1. Park further believes that his termination "involved discrimination based on race, national origin[], and disability or perceived disability, in addition to retaliation for protected activity." *Id.* After receiving a notice of right to sue from the Equal Employment Opportunity Commission, Park filed this lawsuit. *Id.* at 2; Dkt. 1-3. Park brings claims against TCH under Title VII and the ADA. Dkt. 1, at 1.

The undersigned finds that Park has not sufficiently stated claims for employment discrimination in violation of Title VII or the ADA. To establish a prima facie claim of racial discrimination under Title VII, Park must plead that he was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). To establish a prima facie case of employment discrimination under the ADA, a plaintiff must prove that he has a disability, that he is qualified for the job, and that he suffered an adverse employment decision because of his disability. *Turco v. Hoechst*

3

*Celanese Corp.*, 101 F.3d 1090, 1092-93 (5th Cir. 1996). In support of his discrimination claims, Park alleges only that he "believes that his termination and workplace treatment involved discrimination based on race, national origin, and disability." Dkt. 1, at 1. Such a conclusory assertion is in insufficient to state a claim for discrimination in violation of Title VII or the ADA. *McDonald v. Exxonmobil Chem. Co.*, No. CIV.A. H-00-4172, 2002 WL 47973, at *3 (S.D. Tex. Jan. 9, 2002), *aff'd*, 48 F. App'x 917 (5th Cir. 2002) ("Unsubstantiated allegations and conclusory statements are insufficient to support a claim of discrimination." (citing *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996))). The undersigned will recommend that the District Judge dismiss Park's discrimination claims as frivolous.

Park has, however, stated a non-frivolous claim for retaliation in violation of Title VII. To state a claim for retaliation in violation of Title VII, Park must establish that (1) he engaged in activity protected by Title VII; (2) the defendant took adverse action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). A plaintiff need not submit evidence to establish a prima facie case at the pleading stage; to survive a motion to dismiss, a plaintiff need only "plausibly allege facts going to the ultimate elements of the claim." *Id.* Park has sufficiently stated a claim for retaliation in violation of Title VII by alleging that he opposed discrimination against women in his workplace by complaining to management and that TCH terminated his employment the following month during a meeting Park

4

had set up to report his concerns about gender-based discrimination at TCH. Dkt. 1, at 1; *Wright*, 990 F.3d at 433; *Brandon v. Sage Corp.*, 61 F. Supp. 3d 632, 649 (W.D. Tex. 2014), *aff'd*, 808 F.3d 266 (5th Cir. 2015) (finding that "informal opposition to a discriminatory practice can constitute protected activity" for the purposes of a retaliation claim brought under Title VII).

### III.  ORDERS AND RECOMMENDATION

The undersigned hereby **GRANTS** Park's application to proceed *in forma pauperis*. Dkt. 5. Because the undersigned finds that Park's Title VII retaliation claim should not be dismissed as frivolous at this time, the Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Park's complaint upon the named Defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The undersigned **RECOMMENDS** the District Judge **DISMISS** Park's discrimination claims arising under Title VII and the ADA without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 5, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE