# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JP PARK,** <br> *Plaintiff* | § <br> § <br> § | |
| **v.** | § <br> § | **No.  1:25-CV-1785-ADA** |
| **TCH SOCIAL-AUSTIN,** <br> *Defendant* | § <br> § <br> § <br> § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff JP Park's motion to file an amended complaint, Dkt. 13, Defendant TCH Social-Austin's ("TCH") motion to dismiss, Dkt. 14, and all related briefing. After reviewing these filings and the relevant case law, the undersigned will grant[1] Park's motion to file a first amended complaint and recommend that the District Judge deny TCH's motion to dismiss.

## I.    BACKGROUND

Park, proceeding pro se, filed this lawsuit against TCH based on discrimination and retaliation he allegedly faced while employed at TCH. *See* Dkts. 1; 9. In his original complaint, Park alleged that he believed that TCH terminated his employment because of his race, national origin, and disability, as well as because Park had complained about gender-based discrimination in the workplace. Dkt. 1, at

---

[1] "[A] motion for leave to amend is not dispositive and, therefore, a magistrate may rule on it." *Mornes v. Valdez*, 414 F. Supp. 3d 888, 890 (N.D. Tex. 2019) (citing *PYCA Indus., Inc. v. Harrison CNty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1420-21 (5th Cir. 1996)).

1

1. Because Park was granted leave to proceed *in forma pauperis*, the undersigned reviewed his complaint under section 1915(e)(2). Dkt. 6; 28 U.S.C. § 1915(e)(2). Based on this review, the undersigned recommended that Park's  discrimination claims brought under the Americans with Disabilities Act ("ADA") and Title VII be dismissed, but that his retaliation claim brought under Title VII be allowed to proceed. Dkt. 6, at 5. The District Judge adopted the undersigned's recommendation and dismissed Park's discrimination claims without prejudice. Dkt. 12.

Park then moved to file a first amended complaint, asking the Court to allow him to reassert his discrimination claims brought under the ADA and Title VII based on a "complete, sworn factual record." Dkt. 13, at 1. TCH moved to dismiss Park's claims based on his failure to timely exhaust his administrative remedies before filing this lawsuit, and argued that amendment would be futile because it would not cure the untimeliness of the charge Park filed with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 14, at 3-6. Park responded that although his charge of discrimination was not finalized until after the deadline to do so, he in fact filed a charge of discrimination within the applicable timeframe. Dkt. 15, at 1-2.

## II.      LEGAL STANDARDS

### A.      12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may

not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### B.    Rule 15

Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)) ("[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."). Under Rule 15, there are five considerations to determine whether to grant a party leave to amend a complaint: (1) "undue delay"; (2) "bad faith or dilatory motive"; (3) "repeated failure to cure deficiencies by amendments previously allowed"; (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment"; and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, the leave sought should be "freely given." *Id.*; *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

4

## III.   DISCUSSION

### A.   TCH's motion to dismiss should be denied.

TCH moved to dismiss Park's complaint based on his failure to timely exhaust his administrative remedies. Dkt. 14. Specifically, TCH accused Park of filing his charge of discrimination with the EEOC after the 300-day deadline to do so following his termination from TCH. *Id.* at 4-5. TCH attached to its motion a copy of the charge of discrimination Park previously filed with the Court, which demonstrates that Park filed the charge on July 31, 2025, 313 days after the date Park identifies as the last date he experienced discrimination by TCH. Dkts. 9-3; 14, at 9-11. In response, Park argued that he submitted his EEOC charge "as early as March 2025" and ultimately filed his charge on July 15, 2025, which the EEOC recognized it had received the next day. Dkt. 15. Park attached to his response a copy of the charge of discrimination signed on July 15, 2025, as well as an email from the EEOC confirming receipt of the charge on July 16, 2025. Dkt. 15-2.[2] TCH did not file any reply in support of its motion to dismiss.

Before seeking relief under Title VII in federal court, plaintiffs must timely "exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission." *Davis v. Fort Bend Cnty.*, 893 F.3d

---

[2] The undersigned may consider the documents attached to TCH's motion to dismiss and Park's response because Park references filing a claim with the EEOC in his complaint and the documents are central to his claims. *See* Dkt. 1, at 2; *West v. R&K Enter. Sols.*, No. 3:23-CV-1371-G-BN, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024), *R. & R. adopted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024) (citing *Millan v. Bexar Cnty.*, No. SA21CV0659JKPHJB, 2022 WL 62541, at *5 (W.D. Tex. Jan. 5, 2022)). Moreover, the undersigned may take judicial notice of the EEOC charge documents as public records. *West*, 2024 WL 3891533, at *5.

300, 303 (5th Cir. 2018), *aff'd*, 587 U.S. 541 (2019). "Federal law provides two separate time limits for prospective plaintiffs to file their charge of discrimination, depending on whether the unlawful conduct occurred in a 'deferral state.'" *Barr v. Stripes LLC*, No. 21-20278, 2022 WL 1044695, at *4 (5th Cir. Apr. 7, 2022). If the unlawful conduct occurred in a non-deferral state, plaintiffs have 180 days to file a charge of discrimination; but if the conduct occurred in a deferral state, plaintiffs have 300 days to file a charge of discrimination. *Id.* Because Texas is a deferral state, plaintiffs alleging discrimination that occurred in the state have 300 days to timely file a charge of discrimination with the EEOC. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 537 (5th Cir. 1998). This is not a jurisdictional requirement, "but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Here, Park had 300 days to file his charge of discrimination with the EEOC following his termination from TCH on September 21, 2024. The initial charge of discrimination Park filed with the Court and that TCH attached to its motion to dismiss is dated July 31, 2025—313 days after Park's termination. Dkts. 9-3; 14, at 9-11. Yet in his response to the motion to dismiss, Park argues that he in fact submitted his charge of discrimination on July 15, 2025, and that the EEOC acknowledged receipt of the charge a day later; Park also references "scheduling delays caused by the EEOC," perhaps to explain the existence of the charge dated July 31, 2025. Dkt. 15, at 1-2. Park attached to his response copies of the charge of

discrimination, dated July 15, 2025, and the EEOC's email on July 16, 2025, confirming receipt of the charge. Dkts. 15-1; 15-2. TCH did not respond to Park's proffering of additional evidence supporting the timeliness of his filing of a charge of discrimination with the EEOC. The undersigned finds that the additional documents Park attached to his response provide a plausible basis for the undersigned to conclude that the charge was timely filed with and received by the EEOC. TCH's motion to dismiss should be denied.

### B. Park's motion for leave to file a first amended complaint will be granted.

Before TCH's filing of its motion to dismiss, Park filed a motion for leave to file a first amended complaint. Dkt. 13. Apart from moving to dismiss Park's complaint for failure to timely file a charge of discrimination with the EEOC, TCH did not oppose Park's motion. The Court may thus grant Park's motion as unopposed. *See Jimenez v. Harlandale Indep. Sch. Dist.*, No. SA-06-CA-0135-XR, 2006 WL 1851718, at *2 (W.D. Tex. May 17, 2006) (granting motion for leave to file an amended complaint where defendant did not file response to motion within timeframe set by local rules). Moreover, having considered the relevant factors, the undersigned finds that there is no "substantial reason"[3] to deny Park's motion for leave to file a first amended complaint.

---

[3] Although the undersigned previously recommended dismissal of Park's discrimination claims brought under the ADA and Title VII under section 1915(e)(2), a review of Park's proposed first amended complaint reveals that amendment of his complaint to add further factual support for these claims is not futile. Dkts. 6; 13-1; 28 U.S.C. § 1915(e)(2). Apart from arguing that amendment would be futile because of the untimeliness of Park's filing of a charge of discrimination, TCH did not substantively engage with Park's proposed amended claims. Dkt. 14, at 5.

## IV.    ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the Court **GRANTS** Park's motion to file a first amended complaint, Dkt. 13. The Clerk of Court shall file Park's first amended complaint, Dkt. 13-1.

The undersigned **RECOMMENDS** that the District Judge **DENY** TCH's motion to dismiss, Dkt. 14.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 16, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE